SOPHIA A. SMITH, Appellant, *v.* ISIDOR A. SMITH, Respondent.

First Department, May 26, 1953.

*Charles Gottlieb* of counsel (*Benjamin Bernstein* with him on the brief; *Benjamin Bernstein*, attorney), for appellant.

*Ralph D. Ray* of counsel (*Edward R. Neaher* with him on the brief; *Chadbourne, Parke, Whiteside, Wolff & Brophy*, attorneys), for respondent.

*Per Curiam.* Plaintiff instituted this action against the Associated Lerner Shops of America, Inc., for the recovery of

the possession of stock to which she claimed title. That defendant had taken the stock as collateral security for moneys previously advanced, and impleaded the present defendant, Isidor A. Smith, who is plaintiff's husband, on the ground that the real issue as to right of possession of the stock was between plaintiff and her husband.

The order of interpleader directed the stock be turned over to a trust company and the action was continued as against the impleaded defendant. In continuing the action against the impleaded party, the language of the complaint in which plaintiff alleged she had title and right to possession of the stock against the illegal detention of the original defendant Associated Lerner and the refusal. of that defendant to deliver the stock, was left entirely unchanged.

On the trial the jury's verdict was for the defendant. We regard the question as an open one factually whether, in the course of circumstances by which the shares now in dispute were acquired, the title was in plaintiff or in her husband, and on appraising the record the verdict does not in this respect seem to be against the weight of the evidence.

The main question that arises is on the Judge's instruction to the jury. On the main charge the jury were told that plaintiff had the burden of establishing her claim to the stock " by the fair preponderance of the credible and believable testimony in the case ".

At the end the plaintiff asked in effect that the Judge recharge this, and coupled with that request the statement that " Likewise " defendant " is obliged to establish " by a preponderance of the evidence " that he is entitled to a verdict that he is the owner of " the stock in dispute.

This double request was refused by the Judge. Plaintiff in making the request put it in two-pronged form; but the Judge had already stated the first part of it in his main charge and it would seem fair to the court in such a situation to require counsel to specifically call attention to the part requested which had not been previously charged.

Besides this, plaintiff had the burden of establishing her case to the satisfaction of the jury and it was she who alleged against the resistance of the original defendant that her right to possession existed, and in the unchanged form of pleading that general burden continued also unchanged. The proof is that the original defendant was ready to turn over the stock to the impleaded defendant.

If the plaintiff did not satisfy the jury that the stock was hers, as by their verdict it became apparent she did not do, then the disposition that the bailee or stakeholder makes of the property in its custody is a matter in which she has no longer a legal interest.

It is argued by appellant that in such a situation the property might escheat if defendant failed to satisfy the jury that he owned it; but the result actually would be that if the plaintiff in the replevin action failed to satisfy the jury of a right to possession, the possession would stay with the party having it at the time the suit was instituted; and if that party did not complain of the terms of a judgment which awarded it to someone else the plaintiff who had unsuccessfully sought to replevy could not complain.

No New York decision which we would regard as authoritative has been cited in support of a double burden of proof under the procedural course followed in the case before us. Appellant cites *Ireland* v. *Ireland* (42 Hun 212 [1886]) in which a sister and a wife made claim to a member's life insurance benefits under a policy with a fraternal association.

What the court actually decided there was that the rules of the fraternal association governing a change of beneficiary from the sister to the wife had not been followed and hence the change had not been effected. There are some generalities in the opinion beyond the actual point before the court, but the case did not turn on the burden of proof. It was decided on an interpretation of that contract by the General Term, and we regard the case as limited in effect to the precise point decided.

The judgment should be affirmed, with costs.

Peck, P. J., Glennon, Cohn, Callahan and Bergan, JJ., concur.

Judgment unanimously affirmed, with costs. [See *post*, p. 837.]